```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

Brendan Carney,

                Plaintiff,

vs.                                     Case No.  2:12-cv-00449-FtM-29DNF

IDI-DX, Inc. f/k/a INSIGHT DIAGNOSTICS, INC., a Delaware corporation; MARY REASTON, individually; PHILLIP REASTON, individually; TONY GARCIA, individually; and OKTX INVESTOR GROUP, LLC, an Oklahoma limited liability company,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on Motion to Dismiss Plaintiff's First Amended Complaint, By Defendants Mary Reaston, Phillip Reaston, and Tony Garcia (Doc. #28) filed on February 20, 2013 and Motion to Dismiss Plaintiff's First Amended Complaint, By Defendant OKTX Investor Group, LLC (Doc. #31) filed on April 5, 2013.  Plaintiff filed a Response in Opposition (Doc. #33) on April 11, 2013 to defendants Mary Reaston, Phillip Reaston, and Tony Garcia's Motion to Dismiss.  Plaintiff has not filed a response to defendant OKTX Investor Group, LLC's Motion to Dismiss, and the time to do so has expired.  For the reasons set forth below, defendants' motions will be granted.

**I.**

On February 6, 2013, Brendan Carney (Carney) filed a First Amended Complaint (Doc. #25) against IDI-DX, Inc. f/k/a Insight Diagnostics, Inc. (IDI-DX), Mary Reaston (M. Reaston), Phillip Reaston (P. Reaston), Tony Garcia (Garcia), and OKTX Investor Group, LLC (OKTX).  Plaintiff brings claims for breach of contract with respect to an employment agreement, breach of contract with respect to a subscription agreement, defamation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and civil conspiracy.  (Id.)

In the First Amended Complaint, plaintiff alleges that: he is a former full-time employee of IDI-DX, (id., ¶ 14); at the time of his hiring, plaintiff entered into an Employment Agreement, and in June 2011, plaintiff entered into a Subscription Agreement to receive 500,000 shares of IDI-DX,[1] (id., ¶¶ 14, 25); plaintiff has not received the shares and IDI-DX has failed and refused to pay plaintiff's wages, including healthcare benefits, from June 2010 to plaintiff's termination in December 2011, (id., ¶¶ 26, 31).

Plaintiff further alleges that at some time after May 2011, Jerry Wilkins (Wilkins) pursued an investment and/or controlling interest in IDI-DX and formed OKTX for that purpose.  (Id., ¶ 32.) In November 2011, William Quirk (Quirk), IDI-DX's Chairman of the

---

[1] Both agreements are referenced but not attached to the First Amended Complaint.

Board, signed a Letter of Intent with OKTX. (Id., ¶ 33.) Five days later, Quirk rescinded the exclusivity clause of the Letter of Intent; however, without informing Quirk, IDI-DX's shareholders or its Board, M. Reaston re-signed the original Letter of Intent. (Id., ¶¶ 34, 35.) In late November 2011, M. Reaston changed IDI-DX's Directors and the structure of IDI-DX's Board without a Board meeting, vote, or approval. (Id., ¶ 36.) On December 1, 2011, plaintiff, Matt Colpoys (IDI-DX's CEO), Quirk, and prospective investors visited IDI-DX's offices in Las Vegas for a test demonstration. (Id., ¶ 40.) M. Reaston refused to perform the test or allow the test to be performed. (Id.) She then contacted Garcia via speakerphone, who asserted that he was the Chairman of the Board. (Id., ¶ 41.) M. Reaston told everyone to leave and stated that she owned the company; even though, since June 2011, shareholders Quirk and Kevin Kowbel (Kowbel) owned more that seventy percent of IDI-DX. (Id., ¶¶ 41, 45.) Subsequently, M. Reaston requested that Garcia terminate Colpoys and plaintiff and Garcia agreed to do so. (Id., ¶ 43.) On or about January 2012, Garcia was added as a director of IDI-DX, M. Reaston as President, and P. Reaston as Secretary and Treasurer. (Id., ¶ 27.)

Defendants contend that Counts IV, V, and VI of the First Amended Complaint fail to state a claim upon which relief may be granted. (Docs. ##28, 31.) Plaintiff argues to the contrary. (Doc. #33.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th

Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

#### A. Count IV: Breach of Fiduciary Duty

Defendants argue that Count IV, breach of fiduciary duty, should be dismissed because the First Amended Complaint fails to allege sufficient facts for the Court to find that M. Reaston owed a fiduciary duty towards plaintiff. (Doc. #28, pp. 3, 4.) "The elements of a cause of action for breach of fiduciary duty are (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach." Miller v. Miller, 89 So. 3d 962 (Fla. 5th DCA 2012)(quoting Crusselle v. Mong, 59 So. 3d 1178, 1181 (Fla. 5th DCA 2011)). Fiduciary relationships are either expressly or impliedly created. Capital Bank v. MVB, Inc., 644 So. 2d 515, 518 (Fla. 3d DCA 1994). When a fiduciary relationship has not been created by an express agreement, the question of whether the relationship exists generally depends "upon the specific facts and circumstances surrounding the relationship of the parties in a transaction in which they are involved." Collins v. Countrywide Home Loans, 680 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010)(quoting Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp., 850 So. 2d 536,

540 (Fla. 5th DCA 2003)).  Additionally, Florida law recognizes that "[c]orporate directors and officers owe a fiduciary obligation to the corporation and its shareholders and must act in good faith and in the best interest of the corporation." Cohen v. Hattaway, 595 So. 2d 105, 107 (Fla. 5th DCA 1992).

Here, plaintiff simply alleges that "M. Reaston owed a fiduciary duty to Plaintiff by virtue of their respective interests in [IDI-DX]."  (Doc. #25, ¶ 71.)  Plaintiff does not, however, allege sufficient facts to support this conclusory allegation. The First Amended Complaint alleges that M. Reaston breached plaintiff's fiduciary duty by: (1) "unilaterally amending the corporate documents to appoint Defendant Garcia as Chairman of the Board in order to enter into the contract with OKTX;" (2) "sabotaging the demonstrations scheduled before potential investors in order to take advantage of the OKTX proposal without the approval of the majority shareholders or CEO of [IDI-DX];" and (3) "terminating the Plaintiff (and others) who were not agreeable to the OKTX proposal." (Id., ¶ 72.)  Each of these actions allegedly occurred in November and December 2011.  (Id., ¶¶ 36, 40-43.) Because plaintiff does not allege that M. Reaston was a director, officer or majority shareholder prior to January 2012, and the allegations do not suggest that a duty was expressly or impliedly created, the Court finds that the allegations are insufficient to plausibly suggest that M. Reaston owed a fiduciary duty to

plaintiff. Therefore, the motion to dismiss will be granted as to Count IV, and Count IV will be dismissed without prejudice.

### B.  Count V: Aiding and Abetting Breach of Fiduciary Duty

Defendants also move to dismiss Count V, aiding and abetting breach of fiduciary duty, because the First Amended Complaint fails to allege sufficient facts for the underlying breach of fiduciary duty.  (Doc. #28, p. 7; Doc. #31, pp. 9-12.)   The elements necessary to sustain an aiding and abetting claim are: "(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abetter; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor." Lawrence v. Bank of Am., N.A., 455 F. App'x 904, 906 (11th Cir. 2012)(citations omitted).  As discussed above, plaintiff fails to sufficiently plead that M. Reaston owed and breached a fiduciary duty, the underlying violation.  Therefore, Count V will be dismissed without prejudice.

### C.  Count VI: Civil Conspiracy

Defendants assert that Count VI, civil conspiracy, should be dismissed for the "same defect that invalidates Count V."  (Doc. #28, p. 9; Doc. #31, p. 12.)  "A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as

a result of the acts done under the conspiracy." Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008)(citations omitted). "The basis for the conspiracy must be an independent wrong or tort which would constitute a cause of action if the wrong were done by one person." Kee v. Nat'l Reserve Life Ins. Co., 918 F.2d 1538, 1541 (11th Cir. 1990)(internal quotation marks and citation omitted); see also Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1089 (11th Cir. 2004)("The cause of action for civil conspiracy lies not in the conspiracy itself, but in the underlying tort committed against the plaintiff and the resulting damage."). Here, the basis for the conspiracy is M. Reaston's breach of fiduciary duty. (Doc. #33, p. 7.) Again, as discussed above, plaintiff fails to sufficiently plead that M. Reaston owed and breached a fiduciary duty. Therefore, Count VI will also be dismissed without prejudice.[2]

Accordingly, it is now

**ORDERED**:

1. Motion to Dismiss Plaintiff's First Amended Complaint, By Defendants Mary Reaston, Phillip Reaston and Tony Garcia (Doc. #28) is **GRANTED**.

2. Motion to Dismiss Plaintiff's First Amended Complaint, By Defendant OKTX Investor Group, LLC (Doc. #31) is **GRANTED**.

---

[2]Because plaintiff has failed to state a claim against defendant OKTX, the Court need not address OKTX's personal jurisdiction argument.

3.   Counts IV, V, and VI of the First Amended Complaint (Doc. #25) are **DISMISSED WITHOUT PREJUDICE.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>13th</u> day of August, 2013.

_____
JOHN E. STEELE
United States District Judge


Copies: Counsel of record