UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENDAN CARNEY,

    Plaintiff,

v.                        Case No: 2:12-cv-449-FtM-29DNF

IDI-DX, INC., a Delaware corporation, MARY REASTON, individually, PHILLIP REASTON, individually, TONY GARCIA, individually, and OKTX INVESTOR GROUP, LLC, an Oklahoma limited liability company,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motion to Dismiss Counts IV, V, and VI of Plaintiff's Second Amended Complaint (Doc. #49) filed on January 27, 2014. Plaintiff filed a Response (Doc. #54) on February 21, 2014. At the Court's request, the parties filed supplemental briefing (Docs. ##64-65) on July 11, 2014. For the reasons stated below, the motion is granted.

**I.**

Plaintiff Brendan Carney (Plaintiff or Carney) has filed a six-count Second Amended Complaint (Doc. #47) against Defendants IDI-DX, Inc. f/k/a Insight Diagnostics, Inc. (IDI), Mary Reaston (M. Reaston), Phillip Reaston (P. Reaston), and Tony Garcia

(Garcia). The underlying facts, as set forth in the Second Amended Complaint, are as follows.

IDI is a Delaware medical technology corporation. (Doc. #47, ¶¶ 4, 10.) Both M. Reaston and P. Reaston (the Reastons) were directors of IDI at all times relevant to this dispute. (Id. at ¶¶ 47-48.) Carney is a former full-time employee of IDI. At the time of his hiring in 2010, Carney and IDI entered into an Employment Agreement. (Id. at ¶ 14.) In June 2011, Carney and IDI entered into a Subscription Agreement, which provided that Carney was to receive 500,000 shares of IDI. (Id. at ¶ 27.) However, according to Carney, IDI breached both of these agreements by failing to pay wages, expenses, health insurance premiums, and make loan payments as required by the Employment Agreement and by failing to deliver the IDI shares owed to Carney pursuant to the Subscription Agreement. (Id. at ¶¶ 27-28.)

Beginning in May 2011, a company known as OKTX pursued an investment and/or controlling interest in IDI. (Id. at ¶¶ 25-26.) In November 2011, IDI's Chairman of the Board William Quirk (Quirk) signed a letter of intent with OKTX but, five days later, Quirk rescinded the letter's exclusivity clause. (Id. at ¶¶ 34-35.) Subsequently, without informing Quirk, IDI's shareholders, or its Board, M. Reaston re-signed the original letter of intent. (Id. at ¶ 36.) In late November 2011, M. Reaston changed IDI's directors and the structure of IDI's Board without a Board meeting,

vote, or approval. (Id. at ¶ 37.) In December 2011, other potential investors unrelated to OKTX met with IDI for a demonstration of IDI's technology. (Id. at ¶ 40.) However, M. Reaston refused to allow the demonstration to be performed and ended the meeting, insisting that she had the authority to do so because she owned IDI. (Id. at 41-42.) However, this was incorrect because, according to Carney, Quirk and another individual owned more that seventy percent of the company. (Id. at ¶¶ 29.) Additionally, at M. Reaston's request, Garcia (whom M. Reaston asserted was now IDI's Chairman of the Board) terminated Carney. (Id. at 44-45.)

Based on these allegations, Carney brings claims for breach of contract with respect to the Employment Agreement and Subscription Agreement (Counts One and Two), defamation (Count Three), breach of fiduciary duty (Count Four), aiding and abetting breach of fiduciary duty (Count Five), and civil conspiracy (Count Six). Defendants now move to dismiss Counts IV, V, and VI, arguing that each count fails to state a claim upon which relief may be granted. (Docs. ##49, 64.) Plaintiff argues to the contrary. (Docs. ## 54, 65.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

3

This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Counts IV through VI are each premised on Carney's allegations that the Reastons and Garcia breached fiduciary duties. In Count IV, Carney alleges that M. Reaston breached her fiduciary duty to him by amending corporate documents without authorization, sabotaging the investor meeting, and terminating Carney and others, all in an effort to force IDI to enter into an investment contract with OKTX. (Doc. #47, ¶ 86.) In Count V, Carney alleges that P. Reaston and Garcia aided and abetted M. Reaston's breach. Specifically, Carney alleges that P. Reaston assisted in sabotaging the investor meeting, and that Garcia aided and abetted M. Reaston by assuming the role of Chairman of the Board without Board approval, terminating Carney, and executing a letter of intent with OKTX. (Id. at ¶¶ 92-93.) In Count VI, Carney alleges that the misconduct supporting Counts IV and V also constitutes a civil conspiracy among Garcia and the Reastons to breach fiduciary duties. (Id. at ¶ 99.)

Defendants argue that Counts IV though V must be dismissed because M. Reaston did not owe Carney a fiduciary duty. If Defendants are correct that no fiduciary duty was owed, then it follows that M. Reaston could not breach a fiduciary duty, P.

5

Reaston and Garcia could not aid and abet such a breach, and Defendants could not conspire to commit such a breach.

Carney asserts two bases for his contention that M. Reaston owed him a fiduciary duty. First, Carney alleges that M. Reaston "by virtue of her relationship to IDI and to Carney, owed a fiduciary duty to Carney." (Doc. #47, ¶ 85.) However, as the Court has previously explained, this conclusory assertion is insufficient to allege the existence of a fiduciary duty. (Doc. #40, p. 6.) Second, Carney asserts that M. Reaston owed a fiduciary duty to Carney because M. Reaston was an IDI director and, therefore, owed a fiduciary duty to IDI shareholders. (Doc. #47, ¶¶ 47, 84.) Defendants respond that Carney was not an IDI shareholder and, therefore, was not owed a fiduciary duty. (Docs. ##49, 64.)

The Florida Business Corporation Act provides that the internal affairs of a corporation are governed by the law of the state of incorporation. Fla. Stat. § 607.1505(3). This includes fiduciary duty claims raised by shareholders against a corporation's directors. Mukamal v. Bakes, 378 F. App'x 890, 896 (11th Cir. 2010); Chatlos Found., Inc. v. D'Arata, 882 So. 2d 1021, 1023 (Fla. 5th DCA 2004) ("the fiduciary obligations of corporate directors [are] an 'internal affair' of a corporation and [are] therefore subject to the law of the state of incorporation"). IDI is a Delaware corporation (Doc. #48, ¶ 4) and therefore Delaware

law applies to Carney's fiduciary duty claims.  Directors of a Delaware corporation owe fiduciary duties of due care, good faith, and loyalty to the corporation and its shareholders.  <u>Malone v. Brincat</u>, 722 A.2d 5, 10 (Del. 1998).[1]  Accordingly, if Carney has adequately alleged that he was an IDI shareholder, he has adequately alleged that M. Reaston owed him a fiduciary duty.

However, the Second Amended Complaint does not allege that Carney was an IDI shareholder.  Nevertheless, Carney argues that he should be considered a shareholder because he *would have* been one but for IDI's breach of the Subscription Agreement.  (Doc. #54, p. 2.)  Although the Court accepts this allegation as true for the purposes of Defendants' motion, the fact remains that Carney was not an IDI shareholder or *de facto* shareholder at the time the alleged misconduct took place.  Therefore, Carney cannot allege that M. Reaston owed him a fiduciary duty by virtue of his status as a shareholder.  Accordingly, Carney's cause of action for breach of fiduciary duty (Count IV) must be dismissed.  Likewise, Carney's causes of action for aiding and abetting a breach of fiduciary duty (Count V) and civil conspiracy to commit a breach of fiduciary duty (Count VI) must also be dismissed.  <u>Malone v. Brincat</u>, 722 A.2d 5, 14-15 (Del. 1998) ("Without a well-

---

[1] Florida law similarly provides that a corporation's directors owe a fiduciary duty to the corporation and its shareholders. <u>Cohen v. Hattaway</u>, 595 So. 2d 105, 107 (Fla. 5th DCA 1992).

pleaded allegation in the complaint for a breach of fiduciary duty, there can be no claim for aiding and abetting such a breach."); Carsanaro v. Bloodhound Technologies, Inc., 65 A.3d 618, 642 (Del. Ch. 2013) (causes of action for aiding and abetting a breach of fiduciary duty and civil conspiracy to breach a fiduciary duty are "functionally equivalent" for the purposes of evaluating a motion to dismiss for failure to state a claim).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Counts IV, V, and VI of Plaintiff's Second Amended Complaint (Doc. #49) is **GRANTED**, and Counts IV, V, and VI of the Second Amended Complaint (Doc. #47) are dismissed without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this   16th   day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

8